IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| NEIL F. LETREN, | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-15-622 |
| | * | |
| ARCH BAY HOLDINGS, LLC *et al.*, | | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In the Court's previous Memorandum Opinion and Order dated March 25, 2016, the Court dismissed Plaintiff Neil F. Letren's ("Plaintiff" or "Mr. Letren") claims in favor of Defendants Arch Bay Holdings, LLC ("Arch"), Specialized Loan Servicing, LLC ("SLS), and Stephen N. Goldberg ("Goldberg") (collectively, "Defendants").[1] ECF No. 56; ECF No. 57. Plaintiff now moves the Court to alter or amend the judgment contained in its earlier Opinion, pursuant to Fed. R. Civ. P. 59(e). ECF No. 58. No hearing is necessary. *See* Loc. R. 105.6. For the reasons stated herein, Plaintiff's Motion to Alter or Amend is denied.

---

[1] The Court also issued an Order for Plaintiff to show cause why his Complaint should not be dismissed as to Defendants Deutsche Bank Trust Corporation ("Deutsche Bank") and Mortgage Electronic Registration Systems, Inc. ("MERS"), as these Defendants had not been properly served pursuant to Fed. R. Civ. P. 4(m). ECF No. 56 at 11; ECF No. 57. Plaintiff stipulated to the dismissal with prejudice as to Defendant MERS on June 1, 2016. ECF No. 60. No further docket entry exists as to Defendant Deutsche Bank, and Plaintiff's claims against Deutsche Bank are hereby dismissed.

## I. BACKGROUND

The background facts of this action were fully set forth in the Court's previous Memorandum Opinion. ECF No. 56 at 2–6.[2] To summarize, this case arises out of a dispute concerning a promissory note (the "Note") for a mortgage on real property. In 2007, Mr. Letren obtained a mortgage loan against his property (the "Property") located in Capitol Heights, Maryland, for which he signed the promissory note (the "Note"). ECF No. 40 ¶ 10. Mr. Letren also executed a Deed of Trust as a lien against the Property, which named him as the borrower, and various financial entities as "lender," "beneficiary," or "trustee." *Id.* ¶ 11. At some point, Defendant Arch Bay Holdings, LLC ("Arch") purported to be the owner of the Note, and Defendant Specialized Loan Servicing, LLC ("SLS) claimed to be the "servicer" of the loan. *Id.* ¶ 13.

In May 2011, a foreclosure action was initiated against the Property in Prince George's County Circuit Court based on Mr. Letren's alleged default on the loan, but the action was ultimately dismissed without prejudice. *See Cohn v. Letren*, No. CAE11-13229 (Prince George's Cty. Cir. Ct.); ECF No. 40 ¶ 77. Between May 2012 and November 2012, Plaintiff filed three separate actions in Prince George's County Circuit Court against various Defendants named in the suit *sub judice*. *See Letren v. Cohn, Goldberg & Deutsch, LLC*, No. CAL12-15920 (Prince George's Cty. Cir. Ct.); *Letren v. MortgageIt, Inc.*, No. CAE12-17709 (Prince George's Cty. Cir. Ct.); *Letren v. Specialized Loan Servicing LLC*, No. CAL12-36628 (Prince George's Cty. Cir. Ct.).

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2

To resolve these lawsuits, Mr. Letren, Arch, SLS, and the "Substitute Trustees"[3] entered into a Release and Settlement Agreement ("the Settlement Agreement") dated September 20, 2013, in order to effectuate their "desire to settle, discharge, and terminate all claims, controversies, and potential claims and controversies which may now exist, whether known or unknown, between them without resort to further litigation. . ." ECF No. 44-4 at 3; *see also* ECF No. 40 ¶¶ 36–37. At that time, the Note had a principal balance owed in the amount of $281,674.44. ECF No. 44-4 at 2. The parties' Settlement Agreement provided, among other things, that Mr. Letren would pay the sum of $90,000 to Arch as a payoff amount "in full accord and satisfaction of the debt evidenced by the said Note . . ." ECF No. 44-4 at 3. Upon receipt of the payoff, Arch would release the Deed of Trust encumbering the Property as security for the Note. *Id.*

Mr. Letren brought the current action in this Court, alleging that despite his payment of the $90,000, the Note had not been returned to him, violating the terms of the Deed of Trust. ECF No. 40 ¶ 18. Mr. Letren alleged that because Defendants did not possess the original Note, they were not "holders" of the Note. Thus, Defendants could not seek payment pursuant to the Note and were not entitled to the $90,000 he had paid them pursuant to the Settlement Agreement. *Id.* ¶ 21. Mr. Letren asserted claims under the Fair Debt Collection Practices Act ("FDCPA"), the Maryland Consumer Debt Collection Act ("MCDCA"), the Maryland Consumer Protection Act ("MCPA"), as well as for breach of contract, unjust enrichment, and common law fraud. ECF No. 40. The Court granted Defendants' motion to dismiss, holding that Mr. Letren's FDCPA, MCDCA, MCPA, unjust enrichment, and common law fraud claims were barred by res

---

[3] The Settlement Agreement describes Messrs. Stephen N. Goldberg, Edward S. Cohn, Richard E. Solomon, and Richard J. Rogers as the "Substitute Trustees." ECF No. 44-4 at 2.

3

judicata, and that his breach of contract claim was barred by the parties' Settlement Agreement itself. ECF No. 56.

## II. STANDARD OF REVIEW

Rule 59(e) allows a party to file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e); *see also Ford v. United States*, No. GJH-11-3039, 2016 WL 3430673, at *1 (D. Md. Mar. 16, 2016). One purpose of Rule 59(e) is to "permit a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). However, the Fourth Circuit recognizes only three grounds on which a court may alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law: (2) to account for new evidence not available at trial: or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Clear error or manifest injustice occurs where a court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . .'" *Wagner v. Warden*, No. ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016) (quoting *King v. McFadden*, 2015 WL 4937292, at *2 (D.S.C. August 18, 2015)).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac Ins. Co.*, 148 F.3d at 403 (citation omitted). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (citation omitted). "[M]ere disagreement" with the court's ruling does not support a motion to alter or amend the judgment. *Hutchinson v.*

*Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Such limitations are necessary because "[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 453 (4th Cir. 2005) (quoting *Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001)).

### III. ANALYSIS

In his Motion to Alter or Amend, Mr. Letren does not allege any intervening changes in controlling law, nor does he contend that new evidence has come to light. Rather, Mr. Letren argues that the Court erred by 1) failing to address his argument that the Defendants breached the Settlement Agreement, 2) failing to correctly apply principles of res judicata, and 3) "impermissibly judging the merits of Plaintiff's allegations" relating to the effect of fraud on the parties' Settlement Agreement. The Court will address Plaintiff's first, third, and second arguments in turn.

#### A. Failure to Address Argument that the Defendants Breached Settlement Agreement

Plaintiff argues that "the Court completely failed to address or mak[e] any finding with regards to Plaintiff's argument that the Defendant breached the settlement agreement and therefore the Plaintiff is permitted to pursue damages arising from the breach." ECF No. 58 at 1. However, a review of the Court's earlier Memorandum Opinion demonstrates that this is not true. As a preliminary matter, the Court considered the terms of the Settlement Agreement because it deemed it to be "integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). In its Opinion, the Court held that "the Settlement Agreement [between Plaintiff and Defendants] itself bars any action on Mr. Letren's breach of contract claim." ECF No. 56 at 10.

5

The Court found that the parties' Settlement Agreement was plain and unambiguous, providing that Mr. Letren would be permitted to pay a discounted sum of $90,000[4] "in full accord and satisfaction of the debt evidenced by the said Note," and in exchange, Mr. Letren would release all claims "having already resulted or to result at any time in the future, or *in any way related to the Note*." ECF No. 56 at 10 (citing ECF No. 44-4 at 3) (emphasis added). Indeed, Mr. Letren unequivocally agreed in the Settlement Agreement to "release[], acquit[], and forever discharge[] the Released Parties, their agents, principals, heirs, executors, administrators, personal representatives, predecessors, successors, officers, directors, stockholders, privies and insurers and any and all persons, firms, associations, partnerships and corporations, which are or might be claimed to be liable to Mr. Letren as a result of the Note . . ." ECF No. 44-4 at 5.[5] Thus, the Court held that Mr. Letren's breach of contract claim, premised on Defendants' alleged failure "to return the Note," was to be dismissed. The Plaintiff merely disagrees.

### B. Effect of Fraud on the Settlement Agreement

Relatedly, Plaintiff argues that the Court erred by "impermissibly judg[ing] the merits of Plaintiff's allegations" of fraud. ECF No. 58 at 3. Notwithstanding the fact that this argument is in direct contravention with Plaintiff's previous argument that the Court purportedly "failed to address the merits of Plaintiff's argument," it is misplaced. *See id.* at 1. The Court properly held that "this claim [of fraud] was previously raised in his prior lawsuits against these Defendants," and "Mr. Letren cannot now ignore the preclusive effect of that decision." ECF No. 56 at 9. Mr. Letren did "not dispute the factual accuracy of the record of his previous lawsuits or the Settlement Agreement," and the Court took "judicial notice of those actions." ECF No. 56 at 7

---

[4] The total amount owed on the debt was $281,674.44. ECF No. 44-4 at 2.

[5] Plaintiff received a release acknowledging that the Deed of Trust had been paid. ECF No. 40 ¶ 16. The Settlement Agreement did not require the physical return of the Note. Thus, there is no breach of the Settlement Agreement based on a failure to return the Note.

6

n.3. Moreover, the Court found that "Mr. Letren's argument that the Settlement Agreement is void and unenforceable against him because it was induced by fraud must fail." ECF No. 56 at 11 n.6. The Court noted, "His only argument suggesting that the Settlement Agreement was induced by fraud is that Arch misrepresented that it was ever in possession of the Note, and his only basis for that conclusion is the fact that the Note has not been returned to him." *Id.* (citing ECF No. 47 at 1, 3). "But because that obligation under the Deed of Trust was extinguished by the Settlement Agreement, any inference Mr. Letren draws from the fact that the Note has not been returned to him does not support a claim of fraud." *Id.* The Court sees no basis to reconsider this holding.

### C. Application of Res Judicata or Collateral Estoppel

Finally, Plaintiff argues that the Court "erroneously found the Plaintiff's claims were barred by res judicata." ECF No. 58 at 2. Essentially, Plaintiff contends that "the causes of actions in the two actions were different," "there were no factual concessions," and thus, "the judgment in the prior action does not bar the present case." ECF No. 58 at 2–3. Despite Plaintiff's best efforts, however, he cannot simply refashion the same claims as something new. As the Court previously held:

> Plaintiff does not dispute that Arch, SLS, and Mr. Goldman were all parties to the various actions he previously filed or the Settlement Agreement that was entered to resolve those prior lawsuits. And the law is clear that a voluntary dismissal with prejudice qualifies as an adjudication 'on the merits' and thus satisfies that requirement of res judicata.

ECF No. 56 (citing *Church v. Maryland*, 180 F. Supp. 2d 708, 748 (D. Md. 2002). The Court further noted the relevant law: "Maryland state courts have adopted the transaction test to determine the identity of the causes of action." *Id.* (citing *Anyanwutaka v. Fleet Mortgage Grp., Inc.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000)). Thus, "as long as the second suit arises out of the

7

same transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect." *Id.* (citing *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009)).

The Court held that "all of Mr. Letren's statutory claims and his claims alleging fraud and unjust enrichment arise out of 'the same transaction or series of transactions' as the claims he raised in his prior suits." ECF No. 56 at 9. Specifically, these claims "all blossom[ed] out of one common fact: that Mr. Letren belives that Arch was never in possession of the original Note and that Arch, SLS, and the Substitute Trustees, including Mr. Goldberg, should not have sought to enforce the Note against him." *Id.* Accordingly, Plaintiff's present argument in his Motion to Alter or Amend asserting that "the fraud, unjust enrichment and breach of contract claims did not exist and were not particularly identified as claims to be foreclosed in the Settlement Agreement" fails, and the Court's earlier decision need not be changed.

## IV.   CONCLUSION

In sum, Plaintiff "has not met the high bar [he] faces to succeed on [his] Motion for Reconsideration." *Letke v. Wells Fargo Home Mortg.*, RDB-12-3799, 2014 WL 1236777, at *3 (D. Md. Mar. 25, 2014). He has "failed to identify an intervening change in controlling law since the entry of this Court's Memorandum Opinion" and he "has brought no new evidence, previously unavailable, to light." *Id.* Lastly, "there is no indication whatsoever that there has been a clear error of law or manifest injustice committed." *Id.* "Relief [under Rule 59(e)] is not appropriate for a party who simply disagrees with a court's ruling, the proper venue for that party is with the United States Court of Appeals for the Fourth Circuit." *Gilliand v. Koch Trucking, Inc.*, Civil No. JFM 11-3073, 2015 WL 2395148, at *2 (D. Md. May 19, 2015) (citing *Bey v.*

*Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 322 (D. Md. 2014)) (internal citations omitted).

Plaintiff's Motion to Amend or Alter, ECF No. 58, is denied. A separate Order shall issue.

Date: December 16, 2016

George J. Hazel
United States District Judge