IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

NEIL F. LETREN,  \*

    Plaintiff,  \*

v.                                                     Case No.: GJH-15-0622

                     \*

ARCH BAY HOLDINGS, LLC
*et al.*,  
                     \*

    Defendants.
                     \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Following this Court's earlier dismissal of Plaintiff Neil Letren's claims, *see* ECF No. 56, and denial of Plaintiff's Motion to Alter or Amend, *see* ECF No. 58; ECF No. 62, Plaintiff now moves the Court for Relief from Judgment pursuant to Fed. R. Civ. P. 60, ECF No. 64. No hearing is necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons stated below, Plaintiff's Motion for Relief from Judgment, ECF No. 64, is denied.

**I.    ANALYSIS**

The Court will not repeat the background facts in their entirety. *See* ECF No. 56 at 2–6; ECF No. 62 at 2–4. In 2007, Neil Letren obtained a mortgage loan against his property (the "Property"), for which he signed a promissory note (the "Note"). ECF No. 40 ¶ 10. In an effort to resolve a number of legal disputes related to the Property, Letren entered into a Release and Settlement Agreement ("the Settlement Agreement") with Defendants on September 20, 2013 to "settle, discharge, and terminate all claims, controversies, and potential claims and controversies which may now exist, whether known or unknown, between them without resort to further

litigation. . ." ECF No. 44-4 at 3; *see also* ECF No. 40 ¶¶ 36–37. At that time, the Note had a principal balance owed in the amount of $281,674.44. ECF No. 44-4 at 2. The Settlement Agreement provided that Letren would pay the sum of $90,000, as payoff amount, "in full accord and satisfaction of the debt evidenced by the said Note . . ." ECF No. 44-4 at 3. Letren has claimed throughout this litigation that despite his payoff of the $90,000, the original Note has not been returned to him, and that Defendants were not legally entitled to receive his payment because they were not "holders" of the Note. Plaintiff brought suit in January 2015, alleging breach of contract and other statutory claims. The Court granted Defendants' Motion to Dismiss on March 25, 2016. ECF No. 56. The Court also denied Plaintiff's Motion to Alter or Amend under Fed. R. Civ. P. 59(e) on December 16, 2016. Plaintiff now moves for Relief from Judgment under Fed. R. Civ. P. 60. Plaintiff has not appealed the Court's final judgment.

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding," due to "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or "any other reason that justifies relief," 60(b)(6). Although the language of Rule 60(b)(6) is facially broad, "its context requires that it may be invoked in only extraordinary circumstances." *Tyler v. AMTRAK*, No. PJM 15-1666, 2016 WL 6170509, at *1 (D. Md. Oct. 24, 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011)). The Fourth Circuit has noted that a narrow construction of Rule 60(b)(6) is "essential if the finality of judgments is to be preserved." *Aikens*, 652 F.3d at 501 (quoting *Liljeberg v. Health Servs. Acquisition Corp*, 486 U.S. 847, 873 (1988) (Rehnquist, C.J., dissenting)). The Court should only grant a motion filed under Rule 60(b)(6) where "the party filing the motion ha[s] a meritorious claim or defense" and "the opposing party [will] not be unfairly prejudiced by having the judgment set aside." *Id.* at 501. Additionally, a "Rule 60(b) motion does not substitute for a

2

timely appeal." *Miskell v. Rohrer*, No. CIV. WDQ-12-0742, 2013 WL 6622923, at *1 (D. Md. Dec. 13, 2013). Where the moving party could have addressed the issue on appeal, he has not demonstrated "extraordinary circumstances." *Id.*

In this case, Plaintiff has wholly failed to show any "extraordinary circumstances" justifying relief from the Court's previous Order. In fact, Plaintiff's arguments in his Motion for Relief from Judgment are simply a repackaging of the same contentions raised in his prior Motion to Alter or Amend, which were rejected by the Court. In his Motion to Alter or Amend, Letren argued that the Court "failed to address or mak[e] any findings with regards to Plaintiff's argument that the Defendant breached the settlement agreement and therefore the Plaintiff is permitted to pursue damages arising from the breach." ECF No. 58 at 1. Plaintiff now states in his present Motion for Relief from Judgment that "the Court confused Plaintiff's breach of contract cause of action with plaintiff's breach of contract defense to defendant's enforcement of the settlement agreement." ECF No. 64 at 1. Plaintiff further claims that "the Court focused on Plaintiff's breach of contract claim regarding the deed of trust. The Court did not discuss whether Defendants breached the settlement agreement and whether the Defendants were barred from enforcing the settlement agreement as a result of the Defendants['] breach of the settlement agreement." *Id.* at 3. Plaintiff's arguments fail for two primary reasons. First, Plaintiff makes an improper attempt to amend his Second Amended Complaint through new allegations, and second, Plaintiff's misapprehends the Court's ruling.

In Count Four of his Second Amended Complaint, Plaintiff alleged, in no uncertain terms, a claim for "breach of contract" relating to the subject Deed of Trust and *not* the parties' later Settlement Agreement. Specifically, Plaintiff alleged that "[i]n addition to requiring that the Deed of Trust be release[d], paragraph 23 of the Deed of Trust also required the Note be

3

mark[ed] paid and return to the Plaintiff." ECF No. 40 ¶ 54. "Goldberg [as trustee of the Deed of Trust] has not performed its obligation under the Deed of Trust to return the Note." *Id.* ¶ 63. The remainder of Plaintiff's filings also discuss breach of contract in the context of the Deed of Trust and Defendants' alleged failure to return the promissory Note to him. *See, e.g.*, ECF No. 47 at 2 ("Defendant [b]reached the Deed of Trust . . . it is undisputed that Defendants have not returned the Note"); ECF No. 54 at 1 ("Plaintiff has alleged that Defendant Goldberg breached his contractual obligations to him under the Deed of Trust"); ECF No. 54 at 7 ("the Deed of Trust required Goldberg to 'release the Security Instrument and mark the Note paid and return to the Note to Borrower.'") (internal alterations omitted). In its earlier ruling, the Court unequivocally found that 1) obligations under the original Deed of Trust were discharged by the subsequent Settlement Agreement under the doctrine of accord and satisfaction, and 2) by the very terms of the Settlement Agreement, Letren was barred from raising a breach of contract claim relating in "any way" to the Note. ECF No. 56 at 10.

Now, Letren attempts to repeat an allegation he raised for the first time in his Opposition to Defendant's Motion to Dismiss, ECF No. 57 at 3–4; specifically, that "Plaintiff has argued that Defendant SLS failed to honor the agreed upon payoff amount and told an inquiring lender that $329,399.80 was owed on the debt," rather than only $90,000. ECF No. 64 at 2. Letren further states in his Reply to Defendants' Opposition to his Motion for Relief from Judgment that "Defendants failed to comply with the settlement agreement by providing a payoff statement of $329,399.80, *see* Exhibit I,[1] instead of a payoff statement for $90,000." ECF No. 66 at 2. The Court did not, cannot, and will not consider these allegations because Plaintiff is "bound by the allegations in [his] Complaint and cannot amend [his] Complaint through [his] opposition brief." *See Smith v. Ocwen Loan Servicing, LLC*, No. CV GLR-16-487, 2016 WL 6780205, at *5 n.8

---

[1] There is no "Exhibit I" attached to Plaintiff's Reply, ECF No. 66, nor does there appear to be one in the record.

4

(D. Md. Nov. 16, 2016) (citing *Zachair, Ltd. v. Driggs*, 965 F.Supp. 741, 748 n.4 (D. Md. 1997) *aff'd*, 141 F.3d 1162 (4th Cir. 1998). Additionally, Plaintiff's citation to *Tucker v. Specialized Loan Servicing, LLC*, No. PWG-14-813, 2016 WL 6476286, at *6 (D. Md. Nov. 1, 2016) ("Performance of the contract by parties suing on it is a condition precedent to recovery."), which cites *Hubler Rentals, Inc. v. Roadway Exp., Inc.*, 637 F.2d 257, 260 (4th Cir. 1981), is neither "an intervening change in controlling law,"[2] nor is it relevant to Plaintiff's breach of contract claim in this action. Plaintiff is bound by the allegations of his Second Amended Complaint.

Finally, Plaintiff continues to make the misplaced assertion that the Court did not address breach in the context of the Settlement Agreement. The Court found that the parties' Settlement Agreement was plain and unambiguous, providing that Mr. Letren would be permitted to pay a discounted sum of $90,000 "in full accord and satisfaction of the debt evidenced by the said Note," and that in exchange, Mr. Letren would release all claims "having already resulted or to result at any time in the future, or *in any way related to the Note*." ECF No. 56 at 10 (citing ECF No. 44-4 at 3) (emphasis added). The Court noted that the parties were obligated by the Settlement Agreement to "release[], acquit[], and forever discharge[] the Released Parties, their agents, principals, heirs, executors, administrators, personal representatives, predecessors, successors, officers, directors, stockholders, privies and insurers and any and all persons, firms, associations, partnerships and corporations, which are or might be claimed to be liable to Mr. Letren as a result of the Note . . ." ECF No. 44-4 at 5. Accordingly, the Court dismissed Mr. Letren's breach of contract claim, as it was undeniably premised on Defendants' purported

---

[2] Citing the comparable standard under Fed. R. Civ. P. 59(e), the Court may only alter or amend an earlier judgment "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002).

5

failure "to return the Note." Any other alleged breach on behalf of Defendants is not properly before this Court and will not be addressed here.

## II. CONCLUSION

It is for these reasons that Plaintiff's Motion for Relief from Judgment, ECF No. 64, is denied. A separate Order shall issue.

Date: April 3, 2017

GEORGE J. HAZEL
United States District Judge